## Cumberland Valley Land Co. v. Turner.

(Decided February 29, 1912.)

### Appeal from Harlan Circuit Court.

Land—Division of, Between Joint Owners.—In a suit for the division of land in which the ownership of any part of the land by the plaintiff was put in issue presented only a question of fact, and upon an examination of the record we concur in the chancellor's finding that the plaintiff was entitled to the relief prayed for.

H. C. CLAY for appellant.

W. F. HALL for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

This suit was filed by the appellee, Turner, against the appellant company for the division of a tract of land known as the James Turner 600-acre survey. The petition alleged that appellee was the owner of an undivided one-ninth interest, the appellant company being the owner of the remainder. He asserted title to this interest under a deed from his father, James Turner, who it is claimed inherited the land sought to be divided from his father, James Turner, Sr., the patentee of the land.

The answer of the appellant company, after con-

troverting the right of appellee to any part of the land, set up that James Turner, Sr., the patentee, died intestate, leaving nine children, among them James Turner, the father of appellee. That James Turner, Sr., advanced to his son, James Turner, a large body of land under an agreement that he should receive nothing further from his estate until his other children had been made equal with him, and that none of the other children received as much from the estate as James Turner, and so James Turner was not entitled by inheritance to any part of the land sought to be divided. And further charged that James Turner, the father of appellee, in 1865 deeded all the land owned by him, including the land in controversy, to Hiram Jones, trustee, and consequently appellee had no interest in this land.

Upon these issues the case was tried in the lower court and a judgment rendered decreeing that appellee was entitled to an undivided one-ninth interest in the land.

Upon the question as to advancements made by James Turner, Sr., to his son, the father of appellee, the evidence is entirely insufficient to authorize us to hold that any advancement was made; and this branch of the case may be disposed of without further notice.

Respecting the conveyance to Hiram Jones, this may be said—the evidence shows that James Turner, Sr., died about 1860, and that his son James after that time became involved in trouble and as a result of this, in 1865 deeded to Hiram Jones, trustee, "three tracts of land, adjoining in Harlan county, on the Clover fork of Cumberland river, supposed to contain 2,000 acres, more or less, it being the same place on which the said James Turner now lives." It is insisted by counsel for appellant that the deed shows that it was the intention of James Turner to convey to Hiram Jones all the land that he owned, and that the land in controversy was embraced in one of these three adjoining tracts, as James Turner did not own any other land except this body consisting of three tracts. The evidence, however, shows that the three tracts conveyed by James Turner to Hiram Jones were known as the "James Fields," "James Short" and "Dave Creech" farms, that had been deeded to him by his father James Turner, and that the land in which appellee claimed an interest was not embraced in either of these tracts.

The questions in the case are purely of fact, and we think the holding of the lower court that appellee was entitled to one-ninth of the land is correct, and it is affirmed.